FILED

JUN 0 5 2020

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF SNOHOMISH

| | |
|---|---|
| JASON ROMERO, an individual, | Case No. 20 2 03145 31 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | (Civil Rights, and Jury Trial Demanded) |
| STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, ARIEG AWAD, JULIA BARNETT, MARY GUMBO, ADELAIDE HORNE, and DOES I-X inclusive, | |
| Defendants. | |

COMES NOW Plaintiff Jason Romero, by and through the undersigned attorney, and for the causes of action against the above-named Defendants, alleges and avers as follows:

I.   INTRODUCTION

1.   Plaintiff Jason Romero is currently an inmate at the Twin Rivers Unit of the Monroe Correctional Complex in Monroe, Washington. Plaintiff, by and through his undersigned counsel, files this Complaint for declaratory relief and damages against defendants, in their

COMPLAINT FOR DAMAGES - 1

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

individual capacities, for violations of his Eighth Amendment rights and Washington State law. He brings this action due to defendants' denial of medical treatment, and delay of medical treatment in violation of Department of Corrections policy and the United States constitution. Defendants, and each of them, have been deliberately indifferent to the serious medical needs of plaintiff. As a result, defendants have violated plaintiff's Eighth Amendment rights and have caused plaintiff to suffer deprivation of his civil, statutory and constitutional rights, physical injury, and mental and emotional distress.

## II. VENUE

2.  All of the unlawful acts and practices alleged herein occurred in or near the City of Monroe in Snohomish County, Washington. Thus, the Snohomish County Superior Courthouse is the appropriate forum for this matter.

## III. PARTIES

3.  Plaintiff Jason Romero is an adult male inmate currently incarcerated in the Twin Rivers Unit of the Monroe Correctional Complex ("MCC") in Monroe, Washington. At all times relevant hereto plaintiff was housed at MCC, a facility owned and operated by the Washington State Department of Corrections.

4.  Defendant State of Washington is and was at all times relevant hereto the employer of all other defendants and the public entity that had complete control over plaintiff because he was housed in its prison system.

5.  Defendant Washington Department of Corrections ("DOC") is an agency of the State of Washington and is a public entity that has complete control over plaintiff because he is housed in its prison system.

6.  Defendant Arieg Awad is and was the acting Facility Medical Director of the Monroe Correctional Complex beginning in October 2018.

**COMPLAINT FOR DAMAGES - 2**

7. Defendant Julia Barnett was the acting Facility Medical Director at Monroe Correctional Complex from May 2017 until October 2018.

8. Defendant Mary Gumbo is and was at all times relevant hereto an Advanced Registered Nurse Practitioner at Monroe Correctional Complex.

9. Defendant Adelaide Horne is and was at all times relevant hereto a Physician's Assistant at Monroe Correctional Complex.

10. Defendants Does I through X are employees of the Washington State Department of Corrections to be identified through the discovery process.

11. Each defendant is, and at all times herein mentioned was acting under color of law and was an agent of the State of Washington and acting within the course and scope of their employment with that entity in causing the harm as herein alleged.

### IV. ADMINISTRATIVE PROCEEDINGS

12. Plaintiff filed a tort claim on March 27, 2020. More than 60 days have passed, and the State of Washington has not responded. As a matter of law, plaintiff's tort claim has been rejected. Plaintiff has exhausted all possible grievances and pursued all administrative remedies available to him.

### V. STATEMENT OF FACTS

13. Plaintiff Jason Romero is an inmate currently housed within the Twin Rivers Unit ("TRU") of the Monroe Correctional Complex ("MCC"), a prison facility owned and operated by the Washington State Department of Corrections ("DOC").

14. Plaintiff suffers from keratoconus, a condition which causes the corneas of his eyes to distend, resulting in significant vision distortion and impairment. Plaintiff first received treatment for this condition from Harborview Medical Center ("HMC") in 2003 in the form of eye drops and pain management medication.

COMPLAINT FOR DAMAGES - 3

15.     On June 3, 2009, plaintiff received a cornea transplant in his left eye to treat the vision loss and distortion caused by his condition. The procedure was performed by Dr. Tueng T. Shen at HMC. By this time, plaintiff was already incarcerated within MCC. He received similar procedures on his right eye in December 2010 and January 2011, both performed by Dr. Shen. Plaintiff had regular follow-up appointments with Dr. Shen in the months following all three of these procedures to monitor his condition.

16.     In October 2015, plaintiff was diagnosed with a graft rejection of the cornea transplant in his left eye. He was examined at TRU by Alan Copeland, OD, on December 17, 2015. Copeland noted the left graft rejection in his writeup of the encounter.

17.     On April 10, 2016, plaintiff declared a medical emergency to DOC staff, complaining of eye pain and drainage. He was seen the same day by S. Fields, RN at the TRU infirmary. The following day defendant Mary Keppler, ARNP, submitted an urgent consultation request for plaintiff, which once again noted the graft rejection in his left eye.

18.     In the following days, plaintiff had to declare two more medical emergencies for eye pain, photosensitivity, and drainage. He was diagnosed with a corneal ulcer and corneal edema on April 13, 2016 and admitted into the MCC Inpatient Unit ("IPU") for care and observation on April 17, 2016.

19.     On April 22, 2016, plaintiff was seen by Dr. Michael R. Banitt and Dr. Yungtai Kung at the HMC Eye Institute. Both encounter reports noted that plaintiff's primary ophthalmologist, Dr. Shen, had not seen plaintiff since 2014, and recommended that plaintiff return to HMC within the next week.

20.     Plaintiff was discharged from MCC IPU several days later, on April 27, 2016. His discharge summary noted a plan to continue following up with plaintiff's providers at HMC, and

COMPLAINT FOR DAMAGES - 4

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

a consultation request for follow up was issued the same day by DOC physician Dr. Diego Lopez de Castilla.

21.   Plaintiff saw Dr. Banitt again for follow up on April 29, 2016. In his encounter report and DOC consultation report from this visit, Dr. Banitt recommended that plaintiff return again in another one to two weeks for follow up with Dr. Shen.

22.   Nearly six months later, on October 4, 2016, plaintiff was seen by multiple DOC medical staff for eye pain, itchiness, drainage, and blurry vision. He was taken to Northwest Eye Surgeons ("NW Eye") later that day for a suture removal from his right eye. Upon returning to MCC he was once again admitted into IPU for a one-day recovery. He reported to staff that he had no loss of vision at that time.

23.   On October 13, 2016, plaintiff finally saw Dr. Shen for a follow-up. Following his appointment, Dr. Shen informed plaintiff and his DOC providers that he would need to follow a prescribed course of eye drops for his transplants, and that after some time on the prescription he would need another corneal transplant surgery in his left eye. She instructed plaintiff's DOC providers to have him return to HMC for follow-up within two to three months. Plaintiff was not informed about this instruction and did not know when to expect his next follow-up visit with Dr. Shen or how soon he would need his next surgery.

24.   After seeing Dr. Shen in October 2016, plaintiff was careful to follow his prescribed eye drop treatments as he had been instructed, and consistently submitted timely refill requests with MCC medical to ensure that he did not run out while awaiting his surgery. He was also issued sunglasses by DOC to alleviate his continued photosensitivity. During this time, multiple medical staff at MCC signed off on his prescription refills, however no follow-up appointments or consultation requests were issued.

**COMPLAINT FOR DAMAGES - 5**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

25. As the months passed, plaintiff began to notice that the vision in his left eye was fading. On May 23, 2018, plaintiff sent a Health Services Kite ("HSK") to MCC medical stating that the vision in his left eye had gone, and that he needed to be scheduled for surgery as soon as possible. He received no response for over a month.

26. Finally, on June 27, 2018, K. Martinez, MA, replied to plaintiff's HSK, informing him that he had an eye appointment scheduled with MCC medical the following day.

27. On June 28, 2018, plaintiff was seen at MCC medical by H. Humphrey, RN2, who performed a visual acuity test, noting that plaintiff reported no vision in his left eye. Despite this, no further consults or appointments were scheduled for plaintiff, nor was he given any additional information about his care plan.

28. A consultation request was issued by defendant Gumbo on July 10, 2018 and approved by defendant Julia A. Barnett the following day, however this request was withdrawn before any reports were gathered. On July 20, 2018, defendant Barnett signed off on a renewal for one of plaintiff's eye drop prescriptions, but no further action was taken by any DOC staff to schedule or arrange any follow-ups or other appointments at that time.

29. On November 18, 2018, plaintiff submitted another HSK again asking if he had been scheduled for eye surgery yet. Defendant Adelaide Horne, PA-C, responded later that month, informing him that there was no surgery scheduled, but that he was scheduled to see the optometrist for evaluation. She instructed him to sign up to be seen by a provider "if the issue has worsened."

30. On January 14, 2019, plaintiff submitted yet another HSK, explaining that Dr. Shen had told him over two years prior that he needed another cornea transplant for his left eye, and that he had since completely lost vision in that eye while waiting for surgery. Defendant

**COMPLAINT FOR DAMAGES - 6**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Horne responded three days later telling him that he would be scheduled for an ophthalmology appointment soon. That same day she entered a two-month consultation request, which was later approved by defendant Arieg Awad, noting that plaintiff was "last seen by ophthalmology 2 years ago, lost to follow-up."

31. From January 2019 to June 2019, plaintiff was seen by defendant Gumbo and other MCC medical staff and by an optometrist at NW Eye. He continued to inquire via HSKs and in person about his treatment and surgery plan, but the only reply he ever received was to tell him that he had been "scheduled for an appointment."

32. On June 11, 2019, plaintiff had his first follow-up with Dr. Shen since October 2016. Upon evaluation of plaintiff's condition, Dr. Shen reported to DOC that he needed to be evaluated every 4-6 months, and that the blindness in his left eye was the result of lost follow-up. She also firmly requested that he be provided timely follow up for treatment of his right eye, to avoid risking complete blindness.

33. On July 2, 2019, after being informed by Dr. Shen that there was nothing that could be done to restore the vision in his left eye, plaintiff filed a grievance for the delay of care.

34. Plaintiff saw Dr. Shen again for a follow up on September 17, 2019, and she reaffirmed her recommendation against going through with another transplant surgery on his left eye.

35. Plaintiff's eye condition and corneal transplant history were well established and documented throughout the course of his incarceration within DOC facilities. His providers at MCC were also well aware of the graft rejection in his left eye as early as October 2015. Yet despite the repeated recommendations for consistent follow up given by his providers at HMC as well as a clear warning that proper and consistent treatment would be essential to avoid

**COMPLAINT FOR DAMAGES - 7**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

transplant failures in the future, DOC failed to properly adhere to plaintiff's medically necessary treatment plan.

36. Plaintiff repeatedly attempted to warn staff of his vision loss during the time period in which he was apparently "lost to follow-up," however, DOC acted with deliberate indifference.

37. As a result of DOC's negligence, plaintiff has now completely and permanently lost vision in his left eye. This has since forced him to request accommodations which would have otherwise been unnecessary, such as assignment to a lower bunk as his vision and depth perception are now impaired to the point that top bunk placement has become hazardous.

38. The physical damage done to plaintiff is at this point irreparable as is the psychological and emotional damage. The overall quality of his life has been and will continue to be significantly diminished for the rest of his life.

## VI.   FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 – Eighth Amendment – Cruel and Unusual Punishment—Against Arieg Awad, Julia Barnett, Mary Gumbo, Adelaide Horne, DOES I-X inclusive)**

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

40. The Eighth Amendment protects inmates against infliction of "cruel and unusual punishment." Defendants violated the Eighth Amendment by acting with deliberate indifference to the serious medical needs of the plaintiff.

41. At all times material hereto, defendants jointly and severally had a duty under the Eighth Amendment of the U.S. Constitution to not be deliberately indifferent to the known

COMPLAINT FOR DAMAGES - 8

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

serious medical needs of inmates at the Washington Department of Corrections ("DOC"). This duty arose from the individual defendant's capacity as agents or employees of the DOC. Because defendants had a non-delegable duty to provide medical services to the plaintiff, the DOC and its agents and employees acted under the color of law while providing these services.

42. Defendants failed to provide adequate medical care for plaintiff contrary to medical records showing his need for timely treatment and plaintiff's attempts to inform them of urgent developments in his condition. Despite defendants' knowledge of his medical needs, each individual defendant intentionally, or through the exercise of deliberate indifference, failed or refused to provide plaintiff with the proper medical care and attention known to be necessary under plaintiff's circumstances.

43. As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain, loss of his liberty, and aggravation of his pre-existing medical conditions. He has been deprived of freedoms that are enjoyed by other inmates. The full extent of his injuries will be proven at trial.

44. The actions of the individual defendants, as described in this complaint, were deliberately indifferent to the serious medical needs of plaintiff and done in conscious disregard of the harm that would be inflicted upon plaintiff.

## VII. SECOND CAUSE OF ACTION

### (Negligence—Against all Defendants)

45. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

**COMPLAINT FOR DAMAGES - 9**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

46. Because plaintiff is an inmate within the Department of Corrections, the Department has full control over all aspects of his life including his movements, access to medical providers and access to medication. DOC therefore had a duty to ensure that plaintiff received the medical treatment that his condition warranted. DOC breached that duty by failing to follow plaintiff's doctor's instructions and unreasonably delaying treatment.

47. Due to the DOC's failure to coordinate plaintiff's care, plaintiff was given no chance to fight his progressive loss of vision or mitigate his physical and emotional pain and suffering.

48. Through its negligence in failing to timely approve and coordinate plaintiff's treatment, the Department of Corrections has caused plaintiff bodily injury, pain and suffering, and mental and emotional distress. Defendants' negligence has caused plaintiff's loss of eyesight and made his life emotionally unbearable. They caused his existing condition to worsen to the point of becoming a permanent blindness in his left eye. Accordingly, plaintiff is entitled to damages in an amount to be proven at trial.

## VIII. THIRD CAUSE OF ACTION

### (Medical Malpractice—Against all Defendants)

49. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

50. In their recognized role as a medical facility, the Department of Corrections failed to coordinate the necessary steps for plaintiff to access care at outside providers and facilities that are equipped to provide him with the corneal transplant that Dr. Shen had informed them

COMPLAINT FOR DAMAGES - 10

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

that plaintiff needed. The Department of Corrections was the only entity capable of coordinating plaintiff's care because plaintiff is incarcerated in their facilities and fully under their control.

51. Due to delays in care caused by the Department of Corrections, plaintiff's condition progressed rapidly and became incurable.

52. As plaintiff's primary care provider and the Facility Medical Director of the Washington Corrections Center, defendant Arieg Awad failed to appropriately monitor plaintiff's condition and treatment.

53. The general treatment of plaintiff, as described in this complaint, fell well below the medically accepted standard of care for the treatment of keratoconus. By their failure to adhere to the standards of care in coordinating plaintiff's corneal transplant, defendants jointly and severally caused plaintiff bodily injury, pain and suffering, and mental and emotional distress. They caused his existing condition to worsen to the point of becoming permanently blind in his left eye. Accordingly, plaintiff is entitled to damages in an amount to be proven at trial.

## IX.  FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress—Against all Defendants)**

54. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 53 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

55. Defendants had direct knowledge of plaintiff's history with keratoconus and intentionally inflicted emotional distress upon plaintiff by refusing to treat plaintiff's serious medical needs.

**COMPLAINT FOR DAMAGES - 11**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

56. After Defendants were repeatedly informed that plaintiff needed a corneal transplant surgery for his left eye, they failed to schedule plaintiff's treatment. The serious medical needs of plaintiff could, and did in fact, result in loss of vision in his left eye. Plaintiff submitted Health Services Kites over the course of several months. Defendants intentionally ignored the medical needs of plaintiff acting in a manner that would bring incredible mental frustrations and fears to plaintiff. As a result of Defendant's actions, plaintiff suffered from excruciating pain, emotional distress, embarrassment, panic and mental anguish.

57. As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain, loss of his liberty, and aggravation of his pre-existing medical conditions. He has been deprived of freedoms that are enjoyed by other inmates. The full extent of his injuries will be proven at trial.

## X.    PRAYER

WHEREFORE, plaintiff prays for the following relief against defendants:

A. For general and special compensatory damages for plaintiff and against defendants according to proof at trial;

B. For a jury trial on all issues triable by jury;

C. For reasonable attorney fees according to law or statute;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

///

///

///

///

**COMPLAINT FOR DAMAGES - 12**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

DATED this 2nd day of June, 2020.

CIVIL RIGHTS JUSTICE CENTER PLLC

*/s/ Darryl Parker*
Darryl Parker, WSBA #30770
2150 North 107th Street, Suite 520
Seattle, WA 98133
206-557-7719
Email: dparker@civilrightsjusticecenter.com

COMPLAINT FOR DAMAGES - 13

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183