UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON ROMERO,

              Plaintiff,

v.

STATE OF WASHINGTON, *et al*.,

              Defendants.

Case No. C20-1027-RSM-MLP

ORDER STRIKING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DENYING REQUEST FOR ATTORNEY'S FEES

This is a civil action in which Plaintiff alleges violations of the Eighth Amendment and state law arising out of the denial of, and delays in, medical treatment for an eye disease that resulted in him losing sight in his left eye. (*See* dkt. # 1-2.) Currently before the Court for consideration is Plaintiff's motion to compel discovery and for attorney's fees. (Dkt. # 29.) Plaintiff, by way of the instant motion, seeks to compel Defendants to designate and produce a deponent in accordance with Fed. R. Civ. P. 30(b)(6). (*Id*. at 4-5.) Plaintiff also argues in his motion that he is entitled to reasonable expenses incurred in bringing this motion, and he seeks attorney's fees in the amount of $2,500 for failure of Defendants to engage in good faith discovery. (*Id*. at 5-6.)

Defendants argue in response to Plaintiff's motion that the motion is now moot because a majority of the deposition in question was conducted on October 14, 2021, and the remainder

was scheduled for November 2, 2021. (Dkt. # 30 at 4.) Defendants further argue that fees should not be assessed because the delay in producing the deponent was not willful. (*Id*. at 5.) Plaintiff, in his reply brief, does not dispute that Defendants have now designated and produced the deponent which was the subject of his motion to compel. (*See* dkt. # 32.) He argues, however, that he remains entitled to attorney's fees because he had been requesting confirmation of a Rule 30(b)(6) deposition for over two months and did not receive an adequate response from Defendants until the motion to compel was filed. (*Id*. at 2.)

Plaintiff is unclear in his motion papers about the provision under which he seeks expenses for the filing of his motion. Plaintiff cites to Fed. R. Civ. P. 37(d)(3) which, as pertinent here, permits the imposition of sanctions where a Rule 30(b)(6) deponent, after being served with proper notice, fails to appear for the deposition. (Dkt. # 29 at 5.) Plaintiff also references the State of Washington's discovery rules and appears to excerpt a portion of Rule 37(a)(4) of the Washington Superior Court Civil Rules. (*Id*.) This state court rule is similar, though not identical, to Rule 37(a)(5) of the Federal Rules of Civil Procedure, which pertains to the payment of expenses in relation to the filing of a motion to compel. Because this case is proceeding in federal court, the Court necessarily relies on the federal discovery rules and not the state discovery rules. The Court deems Fed. R. Civ. P. 37(a)(5) to be the applicable rule in the circumstances presented here.

Rule 37(a)(5)(A) provides as follows:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

ORDER STRIKING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY AND DENYING
REQUEST FOR ATTORNEY'S FEES - 2

        (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

        (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

        (iii) other circumstances make an award of expenses unjust.

This Court is not persuaded, based on the materials submitted by Plaintiff in support of his motion to compel, that Plaintiff made a good faith attempt to confer with Defendants before filing his motion. Per this Court's Chambers Procedures:

> For all cases, except applications for temporary restraining orders, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. The parties must attempt to reach an accord that would eliminate the need for the motion. All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

Pursuant to Local Civil Rule 1(c)(6), "meet and confer" means a good faith conference in person, or by telephone, to attempt to resolve the matter in dispute without the court's involvement. "The Court and Federal and Local Rules have this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties." *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, 2018 WL 3862250, at *1 (W.D. Wash. Aug. 14, 2018).

There is no question that, prior to filing the motion to compel, Plaintiff's counsel had been attempting for almost two months to schedule the Rule 30(b)(6) deposition. During that time, multiple e-mails were exchanged between Plaintiff's counsel's office and Defendants' counsel's office related to this scheduling. (*See* Parker Decl. (Dkt. # 29-1) at ¶¶ 2, 5-7, 9-12, Exs.

A-H; Wong Decl. (Dkt. # 29-10) at ¶¶ 2-4, 6-10.) The last e-mail relating to this topic was sent by Plaintiff's legal assistant to Defendants' counsel on October 1, 2021. (Parker Decl. at ¶ 12, Ex. H; Wong Decl. at ¶ 10.) Defendants' counsel acknowledges that she received the October 1, 2021 e-mail, but states that she appears to have missed it when it came in and did not actually see it until she received the motion to compel. (Locker Decl. (Dkt. # 31) at ¶ 3.)

On October 7, 2021, Plaintiff's counsel filed the motion to compel, having made no further attempt to call Defendants' counsel or arrange an in-person conference to specifically discuss the substance of the contemplated motion and any potential resolution. According to Defendants' counsel, she was actually on the telephone with the Rule 30(b)(6) deponent discussing scheduling when she received an electronic copy of Plaintiff's motion to compel. (Locker Decl. at ¶ 15.) Defendants' counsel also represents to the Court that she did not speak to Plaintiff's counsel about the delay in producing the Rule 30(b)(6) witness, aside from a short conversation that occurred on September 17, 2021, at which time Defendants' counsel advised Plaintiff's counsel that she expected the Department of Corrections would soon provide her with firm dates for the deposition. (*Id*. at ¶ 18.)

Despite the numerous e-mail exchanges between counsels' offices regarding the scheduling of the Rule 30(b)(6) deposition, it appears clear from the record that no formal "meet and confer" took place regarding the delay in scheduling the Rule 30(b)(6) deponent prior to Plaintiff filing his motion to compel. Had Plaintiff's counsel made such an effort, it appears likely that the issue could have been resolved without the filing of the motion.

Accordingly, Plaintiff's motion to compel (dkt. # 29) is STRICKEN and his request for an award of fees is DENIED. The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable Ricardo S. Martinez.

ORDER STRIKING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY AND DENYING
REQUEST FOR ATTORNEY'S FEES - 4

DATED this 19th day of November, 2021.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge