UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON ROMERO,<br><br>                  Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>                  Defendants. | Case No. C20-1027-TL-MLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE REBUTTAL EXPERT |

This is a civil action in which Plaintiff alleges violations of the Eighth Amendment and state law arising out of the denial of, and delays in, medical treatment for an eye disease that resulted in Plaintiff losing sight in his left eye. (*See* dkt. # 1-2.) This matter comes before the Court on Plaintiff's motion to exclude the Defendants' rebuttal expert witness, Virginia Morris, arguing that Defendants failed to timely disclose the witness. (Dkt. # 40.) Defendants have filed a brief in opposition (dkt. # 49), and Plaintiff has filed a reply (dkt. # 50). This Court, having reviewed the parties' briefing, and the balance of the record, concludes that Plaintiff is not entitled to the relief he seeks.

ORDER DENYING PLAINTIFF'S
MOTION TO EXCLUDE REBUTTAL
EXPERT - 1

1       On July 21, 2021, this Court issued an Order granting Defendants' motion for a
2 continuance and establishing an amended pretrial schedule. (Dkt. # 27.) Among the deadlines set
3 forth in that Order were a deadline of November 22, 2021, for expert disclosures, and a deadline
4 of December 28, 2021, for the completion of discovery. (*Id*. at 2.) The Order did not specifically
5 identify a deadline for rebuttal expert disclosures. On November 22, 2021, Plaintiff, in
6 accordance with the amended pretrial schedule, served on Defendants his disclosure of expert
7 witnesses. (*See* dkt. # 40 at 2.) On December 21, 2021, Defendants served on Plaintiff their
8 disclosure of a rebuttal expert witness pursuant to Rule 26(a)(2)(D)(ii) of the Federal Rules of
9 Civil Procedure. (*See* dkt. # 41, Ex. B.)

10       Plaintiff argues that the Ms. Morris should be excluded as a rebuttal expert witness
11 because Defendants ignored the Court's order regarding the disclosure of expert witnesses. (Dkt.
12 # 40 at 3.) Plaintiff maintains that, because the Court did not provide for rebuttal experts in it
13 scheduling order, the parties were required to disclose all experts simultaneously on November
14 22, 2021. (*Id*.) Plaintiff asserts that this conclusion is "evident" because the discovery deadline
15 was set only 38 days after the expert disclosure deadline. (*Id*.) Plaintiff suggests that if rebuttal
16 experts had been contemplated by the Court, its scheduling order would have established a
17 deadline for such disclosures and would have set the discovery deadline 40 days after that to
18 allow time for discovery regarding the expert. (*Id*.) Plaintiff argues that Defendants' expert
19 disclosure, which occurred only three business days before the discovery deadline, did not allow
20 him sufficient time to conduct such discovery. (*Id*.)

21       Defendants, in their opposition brief, argue that the Court's scheduling order should not
22 be read as prohibiting the disclosure of rebuttal witnesses, noting that "rebuttal witnesses, by

23
ORDER DENYING PLAINTIFF'S
MOTION TO EXCLUDE REBUTTAL
EXPERT - 2

their very nature, cannot be identified until a disclosure of a witness requiring such rebuttal is made." (Dkt. # 49 at 1.) Defendants go on to note that, pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), they had 30 days within which to disclose their expert as the disclosure was "intended solely to contradict or rebut evidence on the same subject matter identified by another party." (*Id*. at 2.)

Here, it cannot reasonably be argued that Defendants should have been required to disclose their rebuttal expert witness *before* Plaintiff disclosed his expert. While the Court did not specifically establish a deadline for the disclosure of rebuttal experts, that was not an expression of an intent to preclude such disclosures. Rule 26(a)(2)(D)(ii) properly applies in an instance such as this where no specific deadline is provided. Defendants disclosed their rebuttal expert within 30 days of the date Plaintiff provided his expert disclosures and Defendants' disclosure was therefore timely under Fed. R. Civ. P. 26(a)(2)(D)(ii). Defendants indicate that they have no objection to Plaintiff deposing their rebuttal witness (dkt. # 49 at 2), and the Court is willing to reopen discovery for that express purpose if Plaintiff wishes to conduct such a deposition.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion to exclude Defendants' rebuttal expert (dkt. # 40) is DENIED. If Plaintiff wishes to depose Defendants' rebuttal expert, he should so advise Defendants' counsel within 15 days of the date of this Order so that arrangements can be made to timely schedule such a deposition.

//

//

(2) The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable Tana Lin.

Dated this 30th day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTION TO EXCLUDE REBUTTAL
EXPERT - 4