1

2

3

4

5

6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8  JASON ROMERO,

9                          Plaintiff,          Case No. C20-1027-TL-MLP

10      v.

11  STATE OF WASHINGTON, *et al.*,              ORDER DIRECTING DEFENDANTS TO
                                                PROPERLY AUTHENTICATE EXHIBITS

12                         Defendants.

13

14      This is a civil action in which Plaintiff alleges violations of the Eighth Amendment and

15  state law arising out of the denial of, and delays in, medical treatment for an eye disease that

16  resulted in Plaintiff losing sight in his left eye. (*See* dkt. # 1-2.) The parties' cross-motions for

17  summary judgment are currently pending before the Court. (Dkt. ## 42, 44.) Unfortunately, there

18  are deficiencies in Defendants' motion papers which must be corrected before this Court

19  proceeds to disposition of the parties' motions. At issue are exhibits attached to declarations of

20  Defendants' counsel which have not been properly authenticated.

21      This matter was brought to the Court's attention by Plaintiff in his response to

22  Defendants' motion for summary judgment. (Dkt. # 55.) Plaintiff argued therein that the exhibits

23

ORDER DIRECTING DEFENDANTS TO
PROPERLY AUTHENTICATE EXHIBITS - 1

1   attached to the declaration of Defendants' counsel, which were submitted in support of

2   Defendants' summary judgment motion should, in whole or in part, be stricken because the

3   exhibits have not been properly authenticated and are therefore inadmissible. (*Id*. at 10-11.) In

4   particular, Plaintiff moved to strike excerpts of Defendants' deposition testimony that were

5   contained in Exhibits B (dkt. # 43-2), C (dkt. # 43-3 at 4-7), D (dkt. # 43-4 at 5), and E (dkt.

6   # 43-5) to counsel's declaration (dkt. # 43). (*See id*. at 10.) Plaintiff also moved to strike Exhibit

7   A to counsel's declaration (dkt. # 43-1), which appears to consist of exhibits from Plaintiff's

8   deposition, on the grounds that the documents have not been properly authenticated and are

9   inadmissible. (*See id*. at 11.)

10      Defendants, in their reply brief, did not challenge Plaintiffs' assertion that the exhibits are

11   inadmissible, but instead requested that they be given the opportunity to correct the deficiencies

12   to avoid a needless trial or minimize issues for trial. (Dkt. # 59 at 2.) Defendants appear to argue

13   in the alternative that the Court has the power to grant summary judgment under Fed. R. Civ. P.

14   56(e)(3), even without the inadmissible evidence, because the undisputed facts show that they

15   are entitled to summary judgment on the grounds asserted in their motion. (*Id*.)

16      It would have been preferrable for Defendants to have simply taken steps to correct the

17   authentication issues in their reply brief so that the Court could rule on the pending dispositive

18   motions with a complete record before it. Unfortunately, they elected not to do so. As the Court

19   further reviewed the record, it discovered that exhibits attached to a declaration of Defendants'

20   counsel submitted in support of Defendants' response to Plaintiff's motion for summary

21   judgment had similar authentication issues. (Dkt. # 54, Exs. A, B.)

22

23

ORDER DIRECTING DEFENDANTS TO
PROPERLY AUTHENTICATE EXHIBITS - 2

1    While the Court could simply strike Defendants' exhibits, this case raises significant

2  issues calling into question the adequacy of the medical care Plaintiff has received while in DOC

3  custody, and the eventual outcome of the action will have significant implications for all parties.

4  The Court therefore deems it most appropriate, under these circumstances, to require Defendants

5  to correct the deficiencies in their materials before the Court proceeds to disposition of the

6  parties' summary judgment motions.

7    Based on the foregoing, the Court hereby ORDERS as follows:

8    (1)    Defendants are directed to submit to the Court, not later than *May 27, 2022*,

9  amended declarations of Defendants' counsel which contain properly authenticated exhibits.

10 While the Court has identified above those exhibits which it believes are deficient, it would be

11 prudent for Defendants' counsel to review all summary judgment materials to ensure there are no

12 additional deficiencies which may warrant correction before the Court rules on the parties'

13 motions.

14   (2)    The parties' summary judgment motions (dkt. ## 42, 44) are RE-NOTED for

15 consideration on *May 27, 2022*.

16   (3)    The Clerk is directed to send copies of this Order to all counsel of record and to

17 the Honorable Tana Lin.

18   Dated this 16th day of May, 2022.

19

20   MICHELLE L. PETERSON
   United States Magistrate Judge

21

22

23

ORDER DIRECTING DEFENDANTS TO
PROPERLY AUTHENTICATE EXHIBITS - 3