1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON ROMERO,

                      Plaintiff,

     v.

STATE OF WASHINGTON et al,

                   Defendants.

CASE NO. 2:20-cv-01027-TL

ORDER ON THE PARTIES'
MOTIONS *IN LIMINE*

       This matter is before the Court on the Plaintiffs' Motions in Limine (Dkt. No. 84) and

Defendants' Motions in Limine (Dkt. No. 83). Having reviewed the Parties' motions, their

respective responses (Dkt. Nos. 88 and 90), and the relevant record, as well as having heard oral

argument on the disputed motions, the Court now rules on each motion.

## I.    BACKGROUND

       Plaintiff brings this civil rights action under 42 U.S.C. § 1983 related to the alleged delay

and denial of medical treatment. Dkt. No. 1-2. The Court has already found Defendants liable for

negligence (Dkt. No. 71 at 11), and Defendants have withdrawn their affirmative defenses (Dkt.

No. 82). The only issue remaining for trial, therefore, is the determination of damages. The Court assumes familiarity with the facts of the case.

## II.   LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009); *see also* Fed. R. Evid. 401, 403. While the Federal Rules of Evidence ("FRE") do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* should not be used to resolve factual disputes, weigh evidence, or as a substitute for a motion for summary judgment. *See, e.g.*, *Coppi v. City of Dana Point*, 2014 WL 12589639, at *3 (C.D. Cal. Feb. 24, 2014).

FRE 401, 402, and 403 generally govern what evidence is "relevant" for the purposes of trial and when relevant evidence is nonetheless inadmissible. In a nutshell, evidence is generally admissible at trial if it is relevant, unless the probative value of such evidence is substantially outweighed by such unwanted dangers as unfair prejudice or misleading the jury. *See* Fed. R. Evid. 401–403. "Unfair prejudice" means "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) (quoting *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988)). A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *See United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021). A court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Luce*, 469 U.S. at 41 ("Indeed

even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

Subject to these principles, the Court issues these rulings for the guidance of the parties.

### III.   DISCUSSION

#### A.  Stipulations & Joint Requests of the Parties

Pursuant to the Parties' stipulations (Dkt. No. 83 at 3–4; Dkt. No. 84 at 5–7), the Court ORDERS the following:

(1)    Pursuant to FRE 615, witnesses who are not exempt under FRE 615 are EXCLUDED from the courtroom when not testifying, to avoid hearing the testimony of other witnesses. Witnesses are also DIRECTED to avoid discussing their testimony or the case with other witnesses during the trial. Counsel are DIRECTED to ensure that the witnesses are informed of these instructions.

(2)    The Parties agree that, except for good cause shown, any witnesses, experts, or experts' opinions which were not timely disclosed during discovery are EXCLUDED.

(3)    The Parties request "a continuing objection to all evidence subject to these motions in limine, but not ultimately excluded by the Court." Dkt. No. 83 at 4. To the extent this request applies to the material the Court orders excluded but is produced at trial, the request is GRANTED. But this request is DENIED as to any evidence that the Court declines to rule as inadmissible at this stage, as explained below. Such evidence will require a case-by-case approach, and the Parties must object on an evidence-specific basis during trial.

(4)    The Parties are DIRECTED to meet at a mutually agreed upon time each day during trial to exchange a set of proposed exhibits to be used and provide advanced notice of the anticipated witnesses to be called the following day. The Parties are required to confer each day following this exchange to make relevant stipulations and discuss any remaining objections. To the extent any objections remain after this conferral, the witness and exhibit list shall be emailed to the Courtroom Deputy by 9 p.m. each day.

#### B.  Evidence Excluded by Stipulation of Parties

The Parties stipulate to the exclusion of the following categories of evidence and argument at trial (Dkt. No. 83 at 3–4; Dkt. No. 84 at 5–7):

(1)    Any "golden rule argument" or related testimony, meaning any evidence that invites jurors to put themselves in the place of Plaintiff;

(2)     Any argument or suggestion (e.g., argument that a large verdict will "send a message") that is intended to or has the effect of persuading the jurors to punish Defendants through the verdict;

(3)     Evidence or testimony from any witness, including expert witnesses, that contain conclusions of law.

(4)     Any suggestion or inference to the jury that either Party or their attorneys has wrongfully or improperly moved to prohibit evidence, including any reference to the Parties' motions *in limine* or any of the Court's orders thereupon. The Parties are not prohibited from raising appropriate objections during trial in accordance with any of the Court's orders on these motions *in limine*.

C.     **Plaintiffs' Disputed Motions *in Limine***

1.     **Motion *in Limine* 1: Exclusion of Details of Reason for Plaintiff's Incarceration and Prior Criminal History**

Plaintiff agrees that the jury should be told that he has been convicted of a felony but argues that the prejudicial effect of allowing the jury to know details related to his felony conviction outweigh any probative value such evidence has in this case per FRE 403. Dkt. No. 84 at 4. Defendants respond that evidence of his convictions and criminal history are relevant to his damages and, specifically, his potential loss of future earning capacity. Dkt. No. 88 at 2. Defendants also assert that Plaintiff's criminal history may be used as impeachment evidence pursuant to FRE 609.

At the pretrial conference, Defendants indicated that their damages expert relied on the details of Plaintiff's criminal history in forming opinions regarding his future earning capacity. An expert's opinions are generally admissible, even if based on otherwise inadmissible evidence. Fed. R. Evid. 703. But, to the extent Defendants intend to offer the details regarding Plaintiff's criminal history, including regarding Plaintiff's current conviction, upon which its expert relied in forming his future earning capacity opinions, such evidence may be limited. *See* Fed. R. Evid. 703 (incorporating the probative versus prejudicial balancing test from FRE 403 into the

1    rule allowing admission of otherwise inadmissible evidence relied upon by an expert in forming

2    opinion testimony).

3           Pursuant to FRE 609, admissibility of evidence of prior criminal convictions for the

4    purpose of impeachment in a civil case may also be limited by the FRE 403 balancing test. This

5    balancing test is even more stringent in the case of convictions that are more than 10 years old.

6    Fed. R. Evid. 609(b)(1) (noting that the probative value must "*substantially* outweigh[] its

7    prejudicial effect" to be admissible for impeachment (emphasis added)). Juvenile convictions are

8    strictly inadmissible for impeachment in civil cases. *Id.* at 609(d). Further, "absent exceptional

9    circumstances, evidence of a prior conviction admitted for impeachment purposes may not

10    include collateral details and circumstances attendant upon the conviction." *United States v.*

11    *Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (alteration in original) (quoting *United States v.*

12    *Sine*, 493 F.3d 1021, 1036 n.14 (9th Cir. 2007)). "Generally, 'only the prior conviction, its

13    general nature, and punishment of felony range [are] fair game for testing the defendant's

14    credibility.'" *Id.* (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)).

15           Thus, the Court must be able to weigh the probative value of the anticipated evidence

16    related to Plaintiff's current conviction and criminal history against its potential prejudicial effect

17    in either context for which it may be offered. Because the Court does not yet know the level of

18    detail or the context in which the evidence may be offered, it cannot yet determine its

19    admissibility pursuant to FRE 403. The Court therefore RESERVES RULING on this motion *in*

20    *limine* and will rule on a case-by-case basis as needed at trial. However, the Parties' discussions

21    on this topic will be limited to what was disclosed in the expert reports or in deposition

22    testimony of the experts.

23

24

1

2      2.      **Motion *in Limine* 2: Exclusion of Evidence of Other Lawsuits by Plaintiff**

3      Plaintiff moves to exclude evidence or arguments regarding any "grievances, complaints

4 and/or . . . lawsuits" that Plaintiff may have been involved in as impermissible "propensity or

5 character evidence" and because its potential prejudicial effect would outweigh its minimal

6 probative value. Dkt. No. 84 at 4–5. Plaintiff does not specify any particular evidence he

7 anticipates Defendants might offer. At the pretrial conference, Defendants noted that they are

8 unaware of any prior lawsuits but may offer evidence related to grievances or complaints

9 Plaintiff may have filed while incarcerated for the purpose of impeachment. *See also* Dkt. No. 88

at 3.

10      The Court does not have sufficient information as to the nature of the anticipated

11 evidence to determine its relevance, probative value, or potential prejudicial effect. As such, the

12 Court RESERVES RULING on this motion *in limine* and will rule on a case-by-case basis as needed

13 at trial.

14      3.      **Motion *in Limine* 5: Exclusion of Impermissible Character Evidence**

15      Plaintiff generally moves for exclusion of impermissible character evidence, including

16 "specific instances of conduct" and "evidence consisting of personal opinions of plaintiff's

17 character or reputation by any defense witness," pursuant to FRE 404 and 608. Dkt. No. 84 at 6.

18 Defendants do not dispute that such character evidence is generally inadmissible but notes that

19 the rules provide for certain exceptions and asks the Court to reserve ruling because Plaintiff

20 fails to identify "specific evidence or witnesses that should be excluded." Dkt. No. 88 at 3.

21      Given the non-specific nature of Plaintiff's request, the Court RESERVES RULING on this

22 motion *in limine* and will rule on a case-by-case basis as needed at trial.

23

24

ORDER ON THE PARTIES' MOTIONS IN LIMINE - 6

4.     **Motion *in Limine* 7: Exclusion of Tax Liability and Financial Burden as to Any Damages Awarded to Plaintiff**

Plaintiff requests exclusion of any discussion of any potential tax liabilities Plaintiff might incur from a damages award. Dkt. No. 84 at 7. Plaintiff similarly asks to exclude any discussion of the potential financial burden such an award may place upon Defendants. *Id.* Defendants agree that discussion of tax liability should be excluded but fail to address or oppose the exclusion of discussion of financial burden. Dkt. No. 88 at 4. At the pretrial conference, Defendants stated they would not assert an inability to pay argument. From this, the Court understands Plaintiff's motion to be unopposed.

The Court therefore GRANTS this motion *in limine* and EXCLUDES any discussion of potential tax liability or financial burden upon either Party arising from an award of damages to Plaintiff.

**D.    Defendants' Disputed Motion *in Limine***

1.     **Exclusion of Evidence Relating to DOC's Liability on Plaintiff's Negligence Claim and Causation that Does Not Relate to Damages**

Defendants seek exclusion of any evidence that solely relates to Defendants' liability and causation, given that these issues have already been determined and will not be at issue at trial and therefore evidence on these issues are irrelevant and unfairly prejudicial. Dkt. No. 83 at 4 (citing FRE 401–403). Plaintiff objects primarily on the basis that most of the challenged evidence related to liability and causation will be probative as to Plaintiff's damages, particularly his emotional distress and suffering, and will generally be necessary for providing "essential context needed to assess the damages appropriately." Dkt. No. 90 at 2–3. At the pretrial conference, Plaintiff's counsel highlighted that Plaintiff is still incarcerated and is still dependent on the Department of Corrections ("DOC") for his ongoing treatment and medical care; for example, Plaintiff requires treatment to keep from fully losing vision in his right eye. Plaintiff

1    argues that the evidence Defendants are challenging goes to Plaintiff's damages, as it

2    contextualizes Plaintiff's justifiable fear of continued and future harm. Plaintiff further objects to

3    the extent that Defendants will attack Plaintiff's credibility regarding his testimony related to his

4    present condition and future damages claims and argues that the expert testimony would be

5    relevant to objectively contextualize Plaintiff's subjective testimony and rebut any suggestion

6    that Plaintiff's subjective understanding of his past and potential future damages is unreasonable.

7         At the pretrial conference, Defendants clarified that they are specifically concerned with

8    Plaintiff's anticipated expert and lay witness testimony regarding DOC procedures and actions

9    that may have contributed to Plaintiff's injuries. Defendants agree that Plaintiff should be

10   allowed to testify as to his own condition and mental state. Defendants further note that this case

11   is limited by Plaintiff's Complaint to damages related to his left eye only, and that any evidence

12   or argument as to damages related to his right eye are beyond the scope of this litigation.

13        The Court agrees with Defendants, as a conceptual matter, that evidence or references

14   strictly related to liability or causation, and not damages, would likely be irrelevant at trial and

15   potentially highly prejudicial or create risk of error. *See* Fed. R. Evid. 401–403. Similarly, the

16   Court agrees that this case is limited to damages related to Plaintiff's left eye only. But the Court

17   also agrees with Plaintiff that at least some of the evidence or references related to liability or

18   causation could inform the jury's understanding and determination of damages, especially future

19   damages related to emotional distress. The probative value of such testimony would be further

20   enhanced to the extent Defendants open the door by suggesting that Plaintiff's subjective

21   testimony related to potential future damages is unreasonable or otherwise uncredible.

22        The Court therefore GRANTS IN PART Defendants' motion and EXCLUDES any evidence or

23   argument which goes to liability and causation only, including Plaintiff's witnesses who are

24   anticipated to testify about the Defendants' procedures and actions that were already determined

to be negligent. Plaintiff may call these witnesses in rebuttal, if appropriate, should the Defendants open the door to such testimony by attacking Plaintiff's credibility or the reasonableness of Plaintiff's subjective understanding of his damages. Further, any evidence or testimony regarding damages related to Plaintiff's right eye is also EXCLUDED, although Plaintiff may briefly testify regarding the fear of losing vision in his right eye in connection with his claim for emotional damages, if appropriate. Plaintiff's medical experts must limit their testimony to the actual damage Plaintiff has suffered to his left eye only. To the extent the anticipated testimony of Plaintiff's experts or treating physicians regarding *how* Plaintiff's eye was damaged may be objectionable as irrelevant to the limited issue of Plaintiff's damages (FRE 401–402) or overly prejudicial (FRE 403), the Court RESERVES RULING at this time and will rule on a case-by-case basis as needed at trial.

## IV.    CONCLUSION

For the foregoing reasons, the Parties' motions *in limine* are GRANTED IN PART and the Court RESERVES RULING on the remaining motions as set forth in this Order.

Dated this 4th day of October 2023.

Tana Lin
United States District Judge